FILED
United States Court of Appeals
Tenth Circuit

August 12, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

ALEJANDRO ORTIZ-LOPEZ,

      Defendant–Appellant.

No. 08-2025
(D.C. No. 07-01420-MCA-1)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Alejandro Ortiz-Lopez, a citizen of Mexico, appeals his sentence of 41

months' imprisonment imposed following his plea of guilty to one count of

unlawful reentry into the United States in violation of 8 U.S.C. § 1326(a) and (b).

In a brief filed pursuant to Anders v. California, 386 U.S. 738 (1967), Ortiz-

Lopez's counsel asserts that there are no nonfrivolous arguments for presentation

on appeal and moves for leave to withdraw. Because we agree that there are no

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 32.1.

meritorious issues for appeal, we dismiss the appeal, and grant counsel's motion to withdraw.

**I**

On May 8, 2007—only four days after Ortiz-Lopez was deported due to New Mexico state convictions for assault with intent to commit a violent felony, false imprisonment, and aggravated battery—an agent from the United States Border Patrol apprehended him as he attempted to cross into the United States near Columbus, New Mexico. Two months later, on July 10, 2007, a federal grand jury indicted Ortiz-Lopez on one count of unlawful reentry of a previously removed alien, in violation of 8 U.S.C. § 1326(a) and (b). Ortiz-Lopez subsequently pleaded guilty to the indictment without a plea agreement.

Ortiz-Lopez's Presentence Report ("PSR") calculated a total offense level of 21 and a criminal history category of III. His criminal history category was set at III based on five criminal history points—three from the aforementioned New Mexico state convictions, and two because his illegal reentry into the United States occurred within two years of his release from state custody. See U.S.S.G. § 4A1.1(a) & (e). These sentencing considerations yielded an advisory United States Sentencing Guidelines ("Guidelines") range of 46 to 57 months' imprisonment. Nevertheless, the PSR noted that, under § 4A1.3(b), the Guidelines appeared to substantially overrepresent Ortiz-Lopez's criminal history and that a downward departure might therefore be warranted. It recommended

that the court consider imposing a sentence as if Ortiz-Lopez had been placed in a criminal history category of II, which would have resulted in an advisory sentencing range of 41 to 51 months' imprisonment.

Both before and during his sentencing hearing, Ortiz-Lopez asked the court to grant a downward variance under 18 U.S.C. § 3553(a) and to sentence him to 30 months' imprisonment. At the January 15, 2008, sentencing hearing, the district court adopted the PSR's recommendation for a downward departure and placed Ortiz-Lopez in criminal history category II. The court then analyzed the factors set forth in § 3553(a), and imposed a sentence of 41 months' imprisonment, the bottom of the resulting Guidelines range. This timely appeal followed. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## II

If an attorney conscientiously examines a case and determines that any appeal would be wholly frivolous, counsel may "so advise the court and request permission to withdraw." Anders, 386 U.S. at 744. Counsel must submit a brief to both the appellate court and the client, pointing to anything in the record that could potentially present an appealable issue. The client may then choose to offer argument to the court. If, upon complete examination of the record, the court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal. Id. Acting pursuant to Anders, counsel in the present case provided Ortiz-Lopez with a copy of the appellate brief, and Ortiz-Lopez has

-3-

declined the opportunity to file a pro se brief in response.

Counsel's brief raises only two arguably appealable issues: (1) whether the district court adequately considered the sentencing factors set forth in § 3553(a), and (2) whether the district court imposed a substantively reasonable sentence. Upon complete review of the record, we conclude that there is no nonfrivolous basis for challenging the sentence. The transcript from the sentencing hearing demonstrates that the district court properly considered the factors outlined in § 3553(a), and that the sentence given, considering each of those statutory factors, was reasonable. See Gall v. United States, 128 S. Ct. 586, 597 (2007) ("Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard."); Rita v. United States, 127 S. Ct. 2456, 2468 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.").

Thus, because Ortiz-Lopez has failed to present us with any meritorious grounds for appeal, we **DISMISS** the appeal, and **GRANT** counsel's motion to withdraw.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

-4-